Foster C. Johnson (SBN 289055)
fjohson@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI &
MENSING P.C.
1221 McKinney, Suite 2500
Houston, Texas 77010
Telephone: 713.600.4915
Fax: 713.655.0062
fjohnson@azalaw.com

Attorney for Defendant
Francesca's Collections

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIE YANG,<br><br>                Plaintiff,<br><br>        vs.<br><br>FRANCESCA'S COLLECTIONS, INC., a Corporation; and DOES 1 through 100, inclusive,<br><br>                Defendants. | CASE NO. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[State Court Complaint No. 17869922<br>Filed: August 2, 2017] |

DEFENDANT'S NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Francesca's Collections, Inc. ("Francesca's Collections" or "Defendant") hereby invokes this Court's jurisdiction and removes the above-titled state court action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this removal, Defendant states the following:

**I.   Procedural History**

1. On August 2, 2017, Plaintiff Mie Yang ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Alameda, entitled *Mie Yang v. Francesca's Collections, Inc., a Texas Corporation, and Does 1-100*, Case No. 17869922 (the "Complaint"). The Complaint alleges five causes of action against Defendant for (1) failure to pay wages; (2) waiting time penalties under California Labor Code § 203; (3) failure to provide rest breaks under California Labor Code § 226.7; (4) unfair business practices under California Business and Professions Code § 17200; and (5) violation of California Labor Code § 226.

2. A true and correct copy of the Complaint is attached as Exhibit A.

3. The Complaint is the only known pleading filed to date in this matter.

**II.  Removal is Proper Based on Diversity Jurisdiction Because Defendant Is a Citizen of Texas and Plaintiff is a Citizen of California.**

4. Alameda County, California is located within the Northern District of California, San Francisco Division. Civil L.R. 3-2(d). Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Northern District of California, San Francisco Division, is the "district and division embracing the place where such action is pending."

5. Defendant was served on August 8, 2017. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because the thirty-day removal period has not yet passed.

6. No previous application has been made for the relief requested herein.

7. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

8. Defendant will promptly file a copy of this Notice with the Clerk of Court in the Alameda Superior Court, as required by 28 U.S.C. § 1446(d).

**III.   This Court Has Original Subject Matter Jurisdiction.**

**A. Removal under U.S.C. § 1332(A)(1) is Proper.**

9. This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441. This is a civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

**B. Complete Diversity of Citizenship Exists.**

10. A case may be heard in federal court under diversity jurisdiction where there is complete diversity, *i.e.,* all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a). Here, that requirement is met because Plaintiff is a citizen of California, and Defendant is a citizen of Texas.

11. For diversity purposes, a corporation shall be deemed to be a citizen of the State where it is incorporated and the State it has its principal place of business. 28 U.S.C. § 1332(c)(1).

12. Defendant Francesca's Collections, Inc. is a corporation organized and existing under the laws of the State of Texas with its corporate headquarters and principle place of business in Houston, Texas. Indeed, Plaintiff's original complaint filed in California state court is styled as *Mie Yang v. Francesca's Collections, Inc.*, ***a Texas Corporation*** *and Does 1-100 inclusive.* (See Exhibit A).

13.     Defendant is informed and believes that Plaintiff Mie Yang is a citizen of California. See Exhibit A at ¶ 1 ("Plaintiff is an individual with her principle place of residence in the County of Sacramento, California.").

14.     Pursuant to 28 U.S.C. § 1441(a), the residences of fictitious and unknown DOE defendants are irrelevant for purposes of removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynold Metals Co.*¸ 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join a removal petition). Accordingly, the inclusion of "Doe" defendants in Plaintiff's complaint has no effect on removal jurisdiction.

15.     For the foregoing reasons, the requirements for diversity jurisdiction as set forth in 28 U.S.C. section 1441(b) are met.

### C.     The Amount in Controversy Requirement Is Met.

16.     Plaintiff seeks an unspecified amount of compensatory damages, statutory penalties, disgorgement of profits, attorney's fees, and other "further relief" for the causes of action specified in the complaint. The omission in the complaint of a specified amount of total damages sought by Plaintiff does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining to place a specific dollar claim upon its claim"). A defendant need only establish by a preponderance of the evidence that the plaintiff's claim is likely to exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("The amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").

17.     A court may consider the aggregate value of value of claims for compensatory and statutory damages, as well as attorney's fees. *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.");

1  *Goldberg v. CPC Int'l., Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken
2  into account to determine jurisdictional amount).

3      18.    Here, the exercise of this Court's subject matter jurisdiction is appropriate since it
4  is facially apparent from the complaint that Plaintiff's damages, if proven, would "more likely
5  than not" exceed the $75,000 threshold of 28 U.S.C. § 1332(a). *Ansley v. Metro. Life Ins. Co.,*
6  215 F.R.D. 575, 578 (D. Ariz. 2003) (defendant showed that it was "more likely than not" that the
7  value of a plaintiff's claim exceeded $75,000 to satisfy jurisdictional threshold).

8      19.    Plaintiff has asserted five separate causes of action:  (1) failure to pay wages; (2)
9  waiting time penalties under California Labor Code section 203; (3) failure to provide rest breaks
10 pursuant to Wage Order 7-2001 and California Labor Code section 226.7; (4) unfair business
11 practices under California Business and Professions Code section 17200; and (5) violation of
12 California Labor Code section 226.

13     20.    Plaintiff seeks compensatory damages, including lost wages and waiting time
14 penalties, in an amount alleged to be in excess of $25,000.  (Ex. A, Complaint at 7).  Plaintiff also
15 seeks statutory penalties in the amount of $4,000.  *Id.*  Plaintiff further seeks an unspecified
16 amount for disgorgement of profits pursuant to California Labor Code section 226.7.  *Id.*  Plaintiff
17 further seeks attorney's fees pursuant to California Labor Code sections 218.5 and 226, as well as
18 unspecified "further relief" as the Court deems just and proper.  *Id.*

19     21.    While Defendant denies that any of Plaintiff's claims have merit, Plaintiff's claim
20 for an unspecified amount for compensatory damages and a "disgorgement of profits" from
21 Defendant is more than sufficient to satisfy the $75,000 threshold for the exercise of jurisdiction.

22     22.    It is well settled that a proper way to establish the amount in controversy
23 requirement is to submit evidence of jury verdicts in similar cases. *Surber v. Reliance Nat'l*
24 *Indem. Co.,* 110 F.Supp. 2d 1227, 1232 (N.D. Cal. 2000) (a party asserting federal diversity
25 jurisdiction may introduce evidence of jury verdicts and cases involving analogous facts).  The
26 average recovery in unpaid wages cases is typically more than $75,000. *See, e.g., Cruz v. Quang,*
27 No. 13-CV-00181 VC, 2015 WL 348869, at *8 (N.D. Cal. Jan. 23, 2015) (awarding $200,000 per
28 plaintiff in unpaid wages case); *Muan v. Vitug*, No. 5:13-CV-0331-PSG, 2014 WL 1410209, at *8

(N.D. Cal. Apr. 11, 2014) (awarding plaintiff $112,739.93 in damages in case for failure to pay wages and overtime, failure to provide accurate wage stubs, and failure to provide rest breaks).

23. Indeed, a *2009* study of verdicts in employment cases tried in California state and federal courts from 2002 through 2008, found that in every year since 2002, both the average jury award and the median jury award for employment cases exceeded $75,000. *See* Jury Verdict Research, Employment Practice Liability: Jury Award Trends and Statistics (2009) at 21. Likewise, a 2014 study of nationwide employment verdicts determined that the median recovery between 2007-2013 was $160,000. *See* 16 No. 8 Employment Practices Liability Verdicts and Settlements 1.

24. Plaintiff's Complaint on its face alleges well over $75,000 in potential compensatory damages. For example, Plaintiff's First Cause of Action is for failure to pay wages. Plaintiff alleges that she was paid $28.13 per hour at the time of her termination, and that she worked for Defendant between September 2013 and June 7, 2017—a period covering 192 weeks (or 960 work days). (See Exhibit A, Complaint at ¶¶ 6 & &). Calculated at 1 ½ times her hourly rate of $28.13, Plaintiff's overtime rate would be $42.20. Accordingly, a claim for even one hour of unpaid overtime a day for the period of Plaintiff's employment would result in more than $40,512 in damages.

25. Plaintiff's Second Cause of Action is for waiting time penalties under California Labor Code section 203. Penalties under California Labor Code section 203 are calculated based on an employee's final daily rate of earnings, including overtime. These penalties are calculated based on 30 workdays, not the amount that an employee would have earned in 30 calendar days. *Mamika v. Barca,* 68 Cal. App. 4th 487 (1998). At $28.13 an hour plus an additional hour of overtime, Plaintiff's daily pay rate would be $267.64. At this daily rate, Plaintiff's waiting time penalties for a 30-day period would total $8,029.20.

26. Plaintiff's Third Cause of Action is for failure to provide rest breaks and meal breaks under California Labor Code § 226.7. Labor Code section 226.7 provides for a remedy of one hour's wages for each workday that there is a missed meal period. The Complaint does not limit the Third Cause of Action to any particular period of time. Accordingly, it can reasonably

1  be assumed that Plaintiff is seeking damages for all alleged violations dating back three years
2  from the date she filed her Complaint: i.e., at least between June 7, 2017 and June 7, 2014. Under
3  a three-year statute of limitations, Plaintiff is claiming amounts for approximately 704 workdays
4  (assuming a five-day workweek). Based on Plaintiff's wage rate, Plaintiff is claiming a minimum
5  of $19,803.52 for missed rest breaks and meals.

6      27.    Plaintiff's Fourth Cause of Action is for Unfair Business Practices under
7  California Business and Professions Code section 17200. Plaintiff alleges that she is entitled to
8  an unspecified amount of damages because Defendant has been "unjustly enriched" by its
9  practice of "underpaying employees." (Exhibit A, Complaint at ¶¶ 25-29). Plaintiff also seeks an
10 unspecified amount for "disgorgement of profits." (Exhibit A, Complaint at 7). Assuming that
11 Plaintiff seeks even a de minimis disgorgement of $100 a day for the 960-workday period
12 covered by her complaint, this claim amounts to more than $96,000.

13     28.    Plaintiff's Fifth Cause of Action is for a Violation of California Labor Code
14 section 226 for failure to provide adequate pay stubs. Plaintiff's complaint alleges that the
15 statutory damages for this violation are $4,000.

16     29.    Based on the allegations in Plaintiff's complaint, and the specific claims for
17 wages, remedies, and damages, the minimum amount in controversy is at least $168,344.72 (i.e.,
18 $40,512 plus $8,029.20 plus $19,803.52 plus $96,000 plus $4,000). *See, e.g., Rippee v. Boston
19 Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("[t]he amount in overtime in
20 controversy can … be calculated using a combination of Defendant's own numbers and Plaintiff's
21 allegations").

22     30.    That $168,344.72 is more than *double* the jurisdictional minimum for amount in
23 controversy. That figure, however, does not account for Plaintiff's demand for attorney's fees,
24 which the Court must also consider as part of the jurisdictional amount-in-controversy analysis.
25 *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney's fees should
26 be counted towards amount in controversy if recoverable under statute or contract).

27     31.    Attorney's fees in cases of this nature, when taken through verdict, routinely
28 exceed $200,000. *See, e.g., Canal v. Dann,* No. 09-03366 CW, 2011 WL 3903166, at *4 (N.D.

1  Cal. Sept. 6, 2011) (awarding $461,297.90 in attorney's fees in single plaintiff case for unpaid
2  wages); *Sako v. Wells Fargo Bank. N.A.,* No. 14CV1034-GPC(JMA), 2016 WL 2745346, at *8
3  (S.D. Cal. May 11, 2016) (awarding $228,201.25 in single plaintiff case for unpaid wages and
4  waiting time penalties case); *Andresen v. Int'l Paper Co.*, No. 2:13-CV-02079-CAS, 2015 WL
5  3648972, at *16 (C.D. Cal. June 10, 2015) (awarding $159,330 in attorney's fees in single
6  plaintiff case for unpaid wages, waiting time penalties, and violations of the California labor
7  code); *Monaghan v. Telecom Italia Sparkle of N. Am., Inc.*, No. CV1300646ABCPLAX, 2014
8  WL 12639268, at *1 (C.D. Cal. Oct. 21, 2014) (awarding plaintiff $457,725 in attorney's fees in
9  unpaid wages case); *Velasco v. Mis Amigos Meat Mkt., Inc.*, No. 2:08-CV-0520-TLN, 2013 WL
10 5755054, at *12 (E.D. Cal. Oct. 23, 2013) (awarding plaintiff $212,935.00 in attorney's fees in
11 case for unpaid wages and violations of the California labor); *see also Drumm v. Morningstar,*
12 *Inc.*, 695 F. Supp. 2d 1014, 1026 (N.D. Cal. 2010) (awarding $50,121.55 in attorney's fees after
13 bench trial on unpaid wages claims); *Mancuso v. Tauber*, No. CV1210360FMOJCX, 2016 WL
14 7647658, at *12 (C.D. Cal. May 31, 2016) (awarding plaintiff $67,619.50 in attorney's fees in
15 case for unpaid wages and violations of the California labor code); *Muan v. Vitug*, No. 5:13-CV-
16 00331-PSG, 2014 WL 2770016, at *2 (N.D. Cal. June 18, 2014) (awarding $63,484.50 in
17 attorney's fees in unpaid wages case).

18  32.  These cases cited above are more than sufficient evidence that the value of
19 Plaintiff's claim exceeds $75,000 based on the attorney's fees claim *alone*. *See Brady v.*
20 *Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) (holding that defendant
21 met burden to establish jurisdiction where evidence established that fee awards in similar cases
22 routinely exceed $60,000); *Lytle Dev. Joint Venture, II v. Starbucks Corp.*, No.
23 SACV09555JVSMLGX, 2009 WL 10675952, at *2 (C.D. Cal. July 27, 2009) (holding that "a
24 reasonable estimate of [plaintiff's] attorney's fees would likely put the amount in controversy
25 above $75,000"); *Anyanwu v. Jaguar Land Rover N. Am., LLC*, No. CV 15-2272-R, 2015 WL
26 3644004, at *3 (C.D. Cal. June 8, 2015) ("Taking together Plaintiff's actual damages, civil
27 penalties, and **attorney's fees** and costs, Defendant has shown by a preponderance of the
28 evidence that the amount in controversy exceeds $75,000.") (emphasis added).

33.     Further, assuming a rate of $350.00 an hour, even a *single* month of billable time devoted to this case by a *single* attorney, would exceed $56,000.  Coupled with allegations in Plaintiff's complaint for causes of action that, in the aggregate, well exceed $168,000, Defendant has thus demonstrated that the total amount sought by Plaintiff easily exceeds the jurisdictional minimum of $75,000.  That is more than sufficient to establish jurisdiction.  *See Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003) (denying remand where plaintiff refused to agree not to seek more than $75,000 in damages, and defendant established that it was "more likely than not" that the amount in controversy would exceed the jurisdictional limit).

34.     If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief in support of its request for removal.

WHEREFORE, Defendant Francesca's Collections, Inc. respectfully requests that this action be removed from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, San Francisco Division, and that all future proceedings in this matter take place in the United States District Court for the Northern District of California.

Dated: August 25, 2017     AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.


By     /s/ Foster C. Johnson
            FOSTER C. JOHNSON

Attorney for Defendant
FRANCESCA'S COLLECTIONS, INC.