UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIE YANG,<br><br>    Plaintiff,<br><br>v.<br><br>FRANCESCA'S COLLECTIONS, INC.,<br><br>    Defendant. | Case No.17-cv-04950-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL**<br><br>Re: Dkt. No. 53 |

Pending before the Court is a motion to withdraw as counsel by Matthew Eason and Erin Scharg, attorneys for Plaintiff Mie Yang. Dkt. No. 53. For the reasons set forth below, the motion is **GRANTED**.

I.     **DISCUSSION**

Plaintiff's counsel seeks to withdraw because Plaintiff has failed to respond to "any form of communication" since December 17, 2017, which "has made it difficult . . . to effectively represent her in this matter." *See* Dkt. 53 at 3; *see also* Dkt. No. 54 (Declaration of Erin M. Scharg, or "Scharg Decl.") ¶¶ 8, 14-15. Specifically, counsel state that "[f]actual information and Ms. Yang's authorization is needed . . . to further represent [her] effectively." *See* Dkt. No. 53 at 3.

In this district, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client

appears by other counsel or pro se." Civ. L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)). Under these rules, permissive withdrawal may be granted only by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The rules provide for permissive withdrawal on various grounds, including when the client "breaches an agreement or obligation to the member as to expenses or fees," *id.*, Rule 3-700(C)(1)(f), or "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively," *id.*, Rule 3-700(C)(1)(d). But an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

More broadly, courts assessing a motion to withdraw engage in a balancing of the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

Here, counsel's request to withdraw satisfies the applicable local rules. Prior to filing this motion, and after numerous unsuccessful attempts to contact Plaintiff, Ms. Scharg sent Plaintiff a letter on February 13, 2018 "requesting communication and advising that should she not communicate," counsel "would have no choice but to move this Court to withdraw." Scharg Decl. ¶ 11. Counsel subsequently filed this motion on March 8, 2018. Plaintiff has thus had more than two months' notice of counsel's potential withdrawal, and more than one month's notice of this motion. The Court is also satisfied that Plaintiff has made it "unreasonably difficult" for her attorneys to represent her, given her complete lack of responsiveness since December 17, 2017. *See id.* ¶¶ 9-12 (detailing counsel's numerous attempts to email, call, text, and send a letter to Plaintiff, all without a response). Moreover, in balancing the equities, the Court finds that

withdrawal is just and will not cause any undue prejudice or delay. In this case, counsel filed an ex parte application to extend the time for Plaintiff to file an amended complaint shortly after filing the motion to withdraw, *see* Dkt. Nos. 55, 56, which the Court granted on March 13, 2018, Dkt. No. 59.

In the exercise of its discretion, the Court thus finds that withdrawal is warranted. Consistent with Civil Local Rule 11-5(b), the Court directs counsel to accept service of papers for forwarding to Plaintiff unless and until Plaintiff appears by other counsel or pro se. Counsel must also notify Plaintiff of this condition. *See* Civ. L.R. 11-5(b).

## II. CONCLUSION

Accordingly, counsel's motion to withdraw as counsel for Plaintiff is **GRANTED**, subject to the foregoing conditions.

**IT IS SO ORDERED.**

Dated: 4/19/18

HAYWOOD S. GILLIAM, JR.
United States District Judge