UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIE YANG,<br><br>        Plaintiff,<br><br>    v.<br><br>FRANCESCA'S COLLECTIONS, INC.,<br><br>        Defendant. | Case No.17-cv-04950-HSG<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

On March 8, 2018, former counsel for Plaintiff Mie Yang filed a motion to withdraw, citing their inability to communicate with Plaintiff about her case. *See* Dkt. No. 53 at 2-3. In the declaration accompanying the motion, counsel stated that Plaintiff had not responded to any communications since December 17, 2017, despite their numerous attempts to contact her. *See* Dkt. No. 54 (Declaration of Erin M. Scharg, or "Scharg Decl.") ¶¶ 8-12. The Court granted counsel's motion to withdraw on April 19, 2018. *See* Dkt. No. 65. That same day, the Court entered an order directing Plaintiff to show cause why this case should not be dismissed for failure to prosecute. Dkt. No. 66 at 1. Plaintiff was directed to file a statement by April 30, 2018, *see id.* at 2, and failed to do so. Accordingly, for the reasons set forth below, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**I.    DISCUSSION**

The district court may dismiss a case for failure to prosecute or for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

"Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.3d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik*, 963 F.3d at 1260-61. A court need not make "explicit findings in order to show that it has considered these factors," although such findings are preferred. *Id.* at 1261. Here, the Court considers each factor in turn, and finds that they weigh in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). That is true here. Plaintiff failed to respond to any of her former attorneys' communications for at least four months, starting on December 17, 2017 and continuing through at least April 19, 2018, when the hearing on the motion to withdraw took place. *See* Scharg Decl. ¶¶ 8-12; Dkt. No. 65. Further, Plaintiff failed to respond to this Court's April 19, 2018 order to show cause why this case should not be dismissed for failure to prosecute. *See* Dkt. No. 66. The Court is satisfied that Plaintiff's lack of responsiveness contravenes the "public's interest in expeditious resolution of litigation." *See Pagtalunan*, 291 F.3d at 642. This factor therefore weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *See id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has demonstrated "routine noncompliance": she failed to attend the hearing on the motion to withdraw in person, as ordered by the Court on April 10, 2018, *see* Dkt. No. 64, and failed to respond to the April 19 order to show cause as detailed above, *see* Dkt. No. 66. Plaintiff's noncompliance and the resulting

litigation (*e.g.*, the motion to withdraw and this dismissal order) "has consumed some of the court's time that could have been devoted to other cases on the docket." *See Pagtalunan*, 291 F.3d at 642. This factor therefore weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted). In *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found the plaintiff's excuse for her failure to comply with a pretrial order to be "groundless," justifying dismissal. *Id.* And in *Yourish*, which also involved plaintiffs who failed to obey a court order, the court concluded that the defendants had suffered "sufficient prejudice" where the plaintiffs had only a "paltry excuse" for why they failed to timely amend their complaint. 191 F.3d at 991-92. Here, by way of comparison, Plaintiff has not even provided a "groundless" or "paltry" excuse—rather, she has been entirely absent, and failed altogether to respond to this Court's orders directing her to appear or obtain new counsel in order to move her case forward. This factor therefore weighs in favor of dismissal.

Fourth, the Court has attempted to avail itself of less drastic alternatives that have proven ineffective in advancing the case. Specifically, the Court ordered Plaintiff to appear at the hearing on the motion to withdraw, in order to provide her an opportunity to be heard and, if necessary, facilitate a change in the case schedule to accommodate a substitution of counsel. *See* Dkt. No. 64. She failed to appear. *See* Dkt. No. 66 at 1. The Court then entered an order to show cause, expressly warning Plaintiff that her case was at risk of dismissal for failure to prosecute. *See id.* at 1-2. She failed to show cause. This factor therefore weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1262 (stating that Ninth Circuit authority "suggest[s] that a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

Last, because "[p]ublic policy favors disposition of cases on the merits . . . this factor

weighs against dismissal." *See Pagtalunan*, 291 F.3d at 643. This is true here, where Plaintiff would be precluded from litigating her surviving claims due to her failure to prosecute.

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Plaintiff's case for failure to prosecute is appropriate.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 5/9/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge